UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT FRANCIS KNIERIM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BILL WATSON Director of Vigo County )<br>Correctional, sued in his individual capacity & )<br>official capacity, )<br>)<br>Defendant. ) | No. 2:16-cv-00143-WTL-DKL |

**Entry Discussing Motion to Proceed *In Forma Pauperis*,
Denying Motion to Appoint Counsel, Dismissing Complaint,
and Directing Further Proceedings**

**I.  *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied without prejudice** because he failed to submit a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of his complaint on April 26, 2016, as required by 28 U.S.C. § 1915(a)(2).  He shall have **through May 31, 2016,** in which to either pay the $400.00 filing fee or renew his request for *in forma pauperis* status with the required information.

**II. Motion for Counsel**

The plaintiff's motion to appoint counsel [dkt. 3] is **denied as premature.** The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 846 (7th Cir. 2013).

### III.  Screening

Plaintiff Robert Francis Knierim brings this civil rights action against Bill Watson, Director of Vigo County Community Corrections ("VCCC"), in his individual and official capacity. Mr. Knierim alleges that at all relevant times he was confined by the Indiana Department of Correction at the VCCC. He alleges that his due process rights and rights against double jeopardy have been violated.

The complaint is now subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Mr. Knierim alleges that on February 5, 2016, he was sentenced in state court to 18 years, ten years as direct placement to work release and eight years suspended to formal probation. He has been employed for almost 14 years at Major Tool and Machine, where he earns $29.50 an hour. On March 8, 2016, after returning to VCCC after work, a breath test alerted with a positive reading. As a result, he was placed on lockdown and a disciplinary proceeding was conducted. On or about March 9, 2016, he was sanctioned with 30 days suspended, meaning that if he violated again he would receive an additional 30 days on top of his next write up. He returned to work on March 10, 2016, because the disciplinary proceeding was final. On March 16, 2016, he was arrested and taken to Vigo County Jail to await a hearing on a petition to revoke direct placement. He alleges that he lost his job on March 21, 2016.

The Court takes judicial notice that on March 11, 2016, the State filed a petition to revoke direct placement in the work release program and/or to revoke probation. *State v. Robert F. Knierim,* 84D01-1501-FA-000147 (Vigo Superior Court 1). A hearing on the violation of probation was scheduled for April 26, 2016. The docket does not reflect a final resolution of that case.

Mr. Knierim alleges that defendant Watson failed to check with the hearing officer to see if Mr. Knierim had already been sanctioned. He contends that he is facing double jeopardy and his due process rights were violated because he had already been sanctioned in the disciplinary proceeding. He asserts violations of his Fifth, Eighth, and Fourteenth Amendment rights. He seeks reinstatement of his direct placement, compensation for lost wages while he was detained in the Vigo County Jail, and compensatory damages.

The complaint must be **dismissed for failure to state a claim upon which relief can be granted,** as explained in this Entry.

To the extent the plaintiff seeks release from Vigo County Jail and reinstatement of a direct work release placement, he must attempt to do so through a petition for writ of habeas corpus. A writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement and the Court is not at liberty to convert any portion of an action to a claim for habeas corpus relief. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996). Any challenge to either the disciplinary proceeding or the Vigo Superior Court action must be appealed through those two appellate procedures, not by filing a civil rights action in federal court. Accordingly, to the extent the plaintiff seeks release from prison or a shortened sentence, such a claim in this civil rights action must be **dismissed without prejudice.**

Because the plaintiff allegedly suffered a loss of liberty and because he seeks damages, his due process claim is barred unless and until the disciplinary or criminal actions, whichever applies, are overturned. "*Heck [v. Humphrey,* 512 U.S. 477 (1994)], bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence." *Wiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004). This same rule applies to "convictions" incurred in prison disciplinary proceedings. *See Edwards v. Balisok,* 520 U.S. 641 (1997) (a claim for damages that would call into question the validity of a prison disciplinary finding is barred); *Walker v. Taylorville Correctional Ctr.,* 129 F.3d 410, 413 (7th Cir. 1997); *Lusz v. Scott,* 126 F.3d 1018, 1021 (7th Cir. 1997). It does not appear that his state criminal case is even final yet, but the plaintiff has not alleged that either his disciplinary conviction or his state criminal case has been overturned or otherwise invalidated and so any due process claim for damages brought against the defendant based on these convictions is **dismissed without prejudice as premature**.

Moreover, "federal courts [must] abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs. Inc. v. Dart,* 619 F.3d 674, 677 (7th Cir. 2010). The Supreme Court has held that federal courts must "abstain when a criminal defendant seeks a federal injunction to block his state court prosecution on federal constitutional grounds." *Id.* at 678 (citing *Younger v. Harris,* 401 U.S. 37, 53-54 (1971)). It appears that the Vigo Superior Court case is still pending. This Court must abstain from interfering in that action.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the

complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. §1915A**.

### IV.  Further Proceedings

The plaintiff shall have **through May 31, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

**IT IS SO ORDERED.**

Date:  5/4/16

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT FRANCIS KNIERIM
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807